Ludeling, C. J.
This is a petitory action to recover lands situated *597 in the. parish of Caddo. The only defense we will notice is the prescription of ten years.
It appears from the record that the defendant has a patent from the United States for a part of the lands in controversy., dated in April,. 1843, and that he holds a title, perfect in form, to all the lands in question from N. E. Wright, agent of the heirs of Daniel Mosely, of Texas, dated twenty-eighth of January, 1859. This suit was instituted on the twenty-first of October, 18C9, and the petition alleges that defendant took possession of the lands on the twenty-eighth of January, 1859. It is manifest that if the title from N. E. Wright, agent, is sufficient to enable one, to prescribe under it, the only other inquiry will be the good or bad faith of the defendant.
Article 503 of the Civil Code declares “He is a bona fide.possessor, who possesses as owner by virtue of an act sufficient in terms to transfer property, the defects of which he was ignorabt of,”
The act of sale was sufficient ip terms to transfer the property, pro-vided the agent who executed the deed had authority. The evidence" on this point is that Thomas E. Mosely and Augustus Mosely, two of the heirs ot Daniel Mosely, were appointed the agents of all the other heirs of Daniel Mosely, with extensive powers to settle up the succession in Texas and Louisiana; that Thomas E. Mosely for himself and for Augustus Mosely, acting as the agents of all the heirs of Daniel Mosely, of Texas, fully empowered N. E. Wright by public act to sell all the lands belonging to said heirs, situated in Louisiana, and that under said power of attorney said Wright did sell the lands in question and receive the price thereof. It is contended, however, that Thomas E. Mosely exceeded his powers in executing the power of attorney to Wright; and that therefore the defendant can not prescribe under that title. The fact stated, that Thomas E. Mosely exceeded his powers, is perhaps true. But the inference deduced from the facts, is illogical. The want of authority in Wright to sell the lands is the only defect in defendant’s title. If that defect did not exist, his title would be perfect, without the help of prescription. The defendant’s title is apparently perfect; so is the mandate of Wright. The defect complained of is de hors both acts; and was only made manifest on the trial of this case. “ It is well settled that to become the basis of prescription, the title must be apparently good,.- and of a kind calculated to induce a belief .in the possessor that it is perfect. A title defective in form can not be a basis for prescription. By this, ffi? law means a title on the face of which some defect appears, and not one that may be found defective by circumstances or evidence de hors the instrument.”- 3 E. 220.
Did the defendant possess in good faith ? A possessor in good faith *598 is one “ who has just reason to believe himself the master of the thing he possesses, although he may not be in fact.” C. C. 2451; 503. It is a question of fact, and there is nothing in this record to show that the defendant had any reason to doubt that his title was good, until the institution of this suit. In Dufour v. Canfranc, this court said : “Good faith is ordinarily tested by inquiring whether the defect in the title proceeds from a vice in form or a want of right in the person who conveyed; in other words, if it is an error in fact, or an error in law, under which the purchaser holds the object claimed.' Pothier tells us that a just title is that which is of a nature to transfer the property; so that when it is not transferred, it is a defect of right in the person who makes it, and not a defect in the title, in consequence of which the tradition is made.” 11 Martin (975) 714.
It is contended that as Wright did net act in his own name, but as agent for others, the defendants can not acquire by prescription under his title; that it is either a legal title or an absolute nullity, under which no rights can' be acquired; and that he is not a possessor in good faith, because “ a possessor in good faith is one who buys a thing which he supposes to belong to the person selling it to him, but which in fact belongs to another.” This error results from confounding an illustration of the rule with the rule itself. C. C. 3451. And we can not see the legal distinction attempted to be made. There can be no greater obligation in the vendee to examine the verity of the state.ments in the written mandate of Wright than to inquire into the truth of the assertion of the seller that he is the owner. In both it would be an error of fact, “ which the law would not consider of such a nature as to prevent the party from pleading prescription. The rule is that when the opinion of the possessor, who holds an object under a title of sale, has a just ground, though in fact there is no sale, the opinion is equal to title.” 11 Martin, 714.
It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.